1

2

3

4

5

6

7

8

9

10

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE BARAJAS TORRES,<br><br>                    **Petitioner**,<br><br>          **v.**<br><br>UNITED STATES OF AMERICA,<br><br>                    **Respondent.** | **CV F 05-1058 AWI**<br>**(CR F 03-5436-03- AWI)**<br><br>**ORDER DENYING**<br>**PETITIONER'S MOTION TO**<br>**VACATE, MODIFY, OR SET**<br>**ASIDE THE JUDGMENT**<br><br>**(28 U.S.C. § 2255)** |

11

12

13

14

15

16

17

18

**INTRODUCTION**

Petitioner Jose Barajas Torres ("Petitioner") seeks relief under 28 U.S.C. section 2255

19

from a sentence of 24 months of imprisonment that was imposed by this court on March 28,

20

2005, following petitioner's entry of a plea of guilty to violation of 18 U.S.C., section 286,

21

making or presenting a false, fictitious or fraudulent claim to the United States and aiding and

22

abetting.  Petitioner's motion pursuant to 28 U.S.C., section 2255 (hereinafter the "2255

23

Motion") alleges Petitioner suffered ineffective assistance of counsel at his sentencing

24

hearing on March 21, 2005.  For the reasons that follow, Petitioner's 2255 Motion will be

25

denied.

26

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

27

Petitioner entered a plea of guilty to a superceding information on January 10, 2005,

28

1    pursuant to a negotiated plea agreement.  Pursuant to the plea agreement, Petitioner agreed to

2    waive rights under <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and agreed that the loss

3    for sentencing purposes was greater than $400,000.00.  The government, in return, agreed to

4    a two-level reduction in the offense level if the adjusted offense level was below 16, or a

5    three-level reduction if the adjusted offense level was above 16.  The government agreed that

6    the loss level for sentencing purposes was less than one million dollars, and agreed to

7    recommend Petitioner be sentenced at the low end of the Sentencing Guideline Range.  The

8    plea agreement also provided that Petitioner waived appellate rights, including right to

9    challenge his sentence pursuant to 28 U.S.C., section 2255.

10        Plaintiff was sentenced to a term of 24 months imprisonment on March 21, 2005, and

11    judgment was entered on March 28, 2005.  Petitioner's 2255 Motion was timely filed on

12    August 19, 2005.

13                         **LEGAL STANDARD**

14        Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a

15    court established by Act of Congress claiming the right to be released upon the ground that

16    the sentence was imposed in violation of the Constitution or laws of the United States ... may

17    move the court which imposed the sentence to vacate, set aside or correct the sentence."

18    Under section 2255, "a district court must grant a hearing to determine the validity of a

19    petition brought under that section, '[u]nless the motions and the files and records of the case

20    conclusively show that the prisoner is entitled to no relief.' "  <u>United States v. Blaylock</u>, 20

21    F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if

22    the movant's allegations, viewed against the record, fail to state a claim for relief or "are so

23    palpably incredible or patently frivolous as to warrant summary dismissal."  <u>United States v.</u>

24    <u>McMullen</u>, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520

25    U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make

26    specific factual allegations which, if true, would entitle him to relief.  <u>Id</u>.  Mere conclusory

27

28                         2

1    statements in a section 2255 motion are insufficient to require a hearing.  United States v.

2    Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

3                                                   **DISCUSSION**

4    **I.  Waiver**

5          As previously noted, Petitioner, through his plea agreement, waived his appellate

6    rights as well as his right to collaterally attack his sentence or conviction.

7          "The right to attack a judgment collaterally is statutory. [Citation.] A knowing and

8    voluntary waiver of a statutory right is enforceable. [Citation.] For this reason a prisoner may

9    not collaterally attack a judgment if the prisoner waived the right to do so."  United States v.

10   Racich, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999).  However, a waiver cannot bar a claim

11   that relates to the validity of the waiver itself.  United States v. Abarca, 985 F.2d 1012, 1014

12   (9th Cir. 1993).  Here, as the court understands Petitioner's arguments, Petitioner claims his

13   plea of guilty was invalid because Petitioner's attorney failed to fully inform Petitioner of his

14   "right" to downward departure in his sentence on various grounds.

15         Because claims of ineffective assistance of counsel usually implicate the validity of

16   plea agreements that are secured through the efforts of the allegedly ineffective counsel, those

17   claims are not normally considered waived by plea agreements.  See United States v. Pruitt,

18   32 F.3d 431, 433 (9th Cir. 1994) ("We doubt that a plea agreement could waive a claim of

19   ineffective assistance of counsel based on counsel's erroneously unprofessional inducement

20   of the defendant to plead guilty or accept a particular plea bargain"); United States v.

21   Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996) (citing Pruitt for the proposition a general

22   waiver does not include claims of ineffective assistance brought under section 2255).  This

23   court follows Pruitt in finding Petitioner's general waiver of the right to collaterally attack the

24   judgment or his sentence did not waive his right to petition pursuant to section 2255 on the

25   ground of ineffective assistance of counsel.

26         To establish a constitutional violation for the ineffective assistance of counsel, a

27

28                                                        3

1    defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.

2    United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993).  To prove a deficient

3    performance of counsel, Petitioner must demonstrate that his attorney "made errors that a

4    reasonably competent attorney acting as a diligent and conscientious advocate would not

5    have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice,

6    Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's

7    unprofessional errors, the result of the proceeding would have been different."  Strickland v.

8    Washington, 466 U.S. 668, 694 (1984).  A court addressing a claim of ineffective assistance

9    of counsel need not address both prongs of the Strickland test if the plaintiff's showing is

10   insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim

11   on the ground of lack of sufficient prejudice, which we expect will often be so, that course

12   should be followed." Id.

13   **II.  Right to Post-Conviction Downward Departure**

14          Somewhat confusingly, Petitioner's 2255 Motion begins by asserting that Petitioner is

15   entitled to a two-level post-sentencing downward departure for maintaining good conduct and

16   in recognition of Petitioner's ineligibility for pre-release custody as a result of his status as a

17   deportable alien.  At the outset, the court notes that Petitioner's argument is somewhat

18   ambiguous in that it is not clear whether, or how, Plaintiff's allegations of ineffective

19   assistance of counsel are related to Petitioner's contention that he is entitled to post-

20   sentencing downward departure based on either of the grounds listed.  The court will construe

21   Petitioner's claims to be allegations that Petitioner suffered ineffective assistance of counsel

22   when his attorney failed to move for downward departure on the grounds listed.

23          Plaintiff first contends that he is entitled to downward departure upon his

24   rehabilitation and clean record during his incarceration pursuant to section 5K2.19 of the

25   United States Sentencing Guideline Manual.  The court has reviewed section 5K2.19 and

26   finds that it supports exactly the opposite contention.  Section 5K2.19 provides:

27

28                                                   4

1
2
3

> Post sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(e)(1).)

4   Section 5K2.19 directly and unambiguously contradicts Petitioner's claim to entitlement to

5   downward departure based on Petitioner's efforts to rehabilitate himself following his

6   conviction and sentencing.

7       Petitioner's contention he was entitled to a downward departure at sentencing because

8   he was ineligible for any early release program because of his status as a deportable alien is

9   similarly without merit.

10      First and foremost, the court cannot provide the remedy Petitioner seeks. Petitioner's

11  2255 motion alleges Petitioner is now detained at a deportation center. The court presumes

12  this detention is preliminary to completion of the deportation process. The court has no

13  jurisdiction over the deportation process through this habeas proceeding or over the time of

14  Petitioner's detention in the facility or over the level security imposed on Petitioner's

15  detention.

16      Second, Petitioner expressly waived any motion for downward departure of his

17  offense level on any ground as a condition of the benefits he received in his plea agreement.

18  Those benefits included the three-level downward departure for acceptance of responsibility,

19  the recommendation for sentencing at the low end of the guideline range and dismissal of the

20  other counts in the indictment. To the extent Petitioner might contend his attorney had a duty

21  to request such departure, that contention is defeated by the fact the plea agreement makes it

22  very clear that waiver of any motion for downward departure was an express precondition to

23  the grant of benefits Petitioner received as a result of the agreement.

24      Third, there is no prejudice even if Petitioner is ineligible for community confinement

25  because he is subject to deportation following release from his term of imprisonment.

26  Pursuant to 18 U.S.C., section 3624(c), the Bureau of Prisons may assign a prisoner to

27

28

community confinement in a halfway house or similar program for the last 10% of the

prisoners term of imprisonment.  The crux of Petitioner's argument, as the court understands

it, is that it is the policy and practice of the Bureau of Prisons to remand prisoners who are

deportable and who have served their terms directly to the deporting agency at the conclusion

of the term of confinement, rather than to transfer the prisoner to a community program

during the last 10% of their sentence.  Petitioner contends that because he is a deportable

alien, he is ineligible for transfer to a community program during the last portion of his

sentence and will therefore suffer a sentence that is more severe than similarly situated

prisoners that are not deportable.

There is no doubt that sentencing courts have the discretion to depart downward

pursuant to section 5K2.0 of the Sentencing Guidelines where particularized factual

circumstances related to the defendant's status as a deportable alien "is likely to cause a

fortuitous increase in the severity of the sentence . . . ." United States v. Smith, 27 F.3d 649,

655 (D.C. Cir. 1994); see also, United States v. Rodriguez-Lopez, 198 F.3d 773, 777-778

(9th Cir. 1999) (holding sentencing court has discretion to depart downward pursuant to

agreement to submit to deportation absent consent from Government).  The exercise of that

discretion requires the consideration of the individual facts of the case in light of the

Sentencing Guidelines taken as a whole to determine that the facts of the case result in a

Guideline sentencing range that falls outside the "Guideline's heartland." United States v.

Cubillos, 91 F.3d 1342, 1345 (9th Cir. 1996) (citing Koon v. United States, 518 U.S. 81

(1996)).

The assignment to community confinement is intended to prepare the prisoner for

reintegration into society. Id.; Lizarraga-Lopez v. United States, 89 F.Supp.2d 1166, 1169

(S.D. Cal. 2000).  To the extent there is an  interest in transfer to community confinement,

that interest rests in good measure with the community's and government's interest in

facilitating transition of prisoners to life in the community.  If a prisoner is deportable

1    following his term of confinement, the prisoner will not transition to community residence

2    and the government or community therefore has no interest in facilitating a transition that

3    will not occur.  See Lizzaraga-Lopez, 89 F.Supp.2d at 1169-1170 (calling into doubt the

4    existence of a protectable prisoner's interest in early release to community confinement and

5    pointing out section 3624(c) is intended to serve community needs).

6         Courts in this circuit that have considered petitioner claims of sentencing disparity

7    based on deportability status have been disinclined to grant downward departure based solely

8    on the petitioner's status as a deportable alien.  See, e.g., id.; Palafox-Barajas v. United

9    States, 1999 WL 1338451 (S.D. Cal. 1999); United States v. Alagbe, 2006 WL 1529981 at

10   *4 (N.D. Cal. 2006); Jara-Candia v. United States, 2006 WL 931758 D. Ariz. 2006) at *2

11   (noting that the Ninth Circuit has "shown reluctance to allow deportability status as a basis

12   for downward departure").  Further, courts have tended to conclude that the denial of

13   placement in a community program does not substantially increase the severity of a sentence.

14   Palafox-Barajas, 1999 WL 1338451 at *2.

15        To the extent Petitioner might have an interest in release to community confinement,

16   the extent of that interest does not exceed a maximum of about 10 weeks at the end of

17   Petitioner's term of confinement.  Given the relatively short term of Petitioner's sentence and

18   the short term of time that he could potentially be assigned to a community program, there is

19   no basis for the court to conclude that the application of the Guidelines in Petitioner's case

20   results in a sentence that lies outside the Sentencing Guideline's heartland.  Further, there is

21   simply no indication, based on the facts of this case, that Petitioner suffers any significant

22   increase in the severity of his punishment if he serves the totality of his term in prison.  The

23   court must conclude Petitioner is not prejudiced by the failure of his counsel to request a

24   downward departure based on Petitioner's status of as a deportable alien because there is no

25   indication that under the facts of this case the court would have the discretion to grant such a

26   downward departure.

27

28                                              7

**III.  Aberrant Behavior and Involuntary Plea of Guilty**

Petitioner alleges he suffered ineffective assistance of counsel when his attorney failed to move for downward departure pursuant to section 5K2.20 of the Sentencing Guidelines, which provides for downward departure for "aberrant behavior."

Petitioner suffered no prejudice when his attorney failed to request downward departure on the ground of aberrant behavior because that downward departure is expressly not authorized where the crime in question is fraud-related.  Section 5K2.20, subdivision (b) provides:

> The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited Duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

The commentary to this section clarifies this provision by pointing out that a fraud scheme would not meet the requirement for single, unplanned criminal occurrence because such crimes normally involve repetitive acts and significant planning.

Such is the case here.  Petitioner admitted to multiple instances of participation in the scheme to submit fraudulent tax returns and that these acts took place over a significant period of time.  Petitioner is therefore not eligible for downward departure under this section and Petitioner was therefore not prejudiced by his attorney's failure to request the downward departure.

Petitioner also alleges his plea of guilty was not knowingly and voluntarily tendered. Petitioner presents a number of correct statements of law that pertain to the requirement that a plea of guilty be knowing and voluntary.  However, Petitioner presents absolutely no facts to indicate that his plea was in any way coerced or unknowing or involuntary.  Nor does Petitioner indicate what aspects of the plea he did not understand or indicate that he would not have entered into the plea agreement if he had known some fact that should have been disclosed.

8

1       That Petitioner's attorney did not negotiate a plea agreement that benefits Petitioner to

2  the extent that Petitioner might desire is not a basis for a claim of ineffective assistance of

3  counsel.  See Hill v. Lockhard, 474 U.S. 52 (1985); Weaver v. Palmateer, 455 F.3d 958, 967

4  (9th Cir. 2006).  The issue is whether , but for his counsel's deficient performance, Petitioner

5  would not have accepted the plea agreement.  Hill, 474 U.S. at 58-59; Weaver, 455 F.3d at

6  967.  Because Petitioner's claim of involuntary plea fails to allege any specific substantial

7  factual misunderstanding, the claim of ineffective assistance will be denied.

8

9       THEREFORE, in accord with the foregoing discussion, Petitioner's motion pursuant

10  to 28 U.S.C., section 2255 to correct, amend or set aside the sentence is hereby DENIED.

11  The Clerk of the Court shall CLOSE THE CASE.

12

13  IT IS SO ORDERED.

14  **Dated:    September 20, 2007**           **/s/ Anthony W. Ishii**
                                      UNITED STATES DISTRICT JUDGE

9